**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JIMMIE WATSON**                                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 14-920-DEK**

**MARLIN GUSMAN, SHERIFF,**
**ORLEANS PARISH, ET AL.**

## ORDER AND REASONS

Plaintiff, Jimmie Watson, filed this civil action pursuant to 42 U.S.C. § 1983 against Sheriff

Marlin Gusman, Nurse Lisa Pittman, Lt. Ruiz, and Dr. Marcus DiLeo.  Plaintiff states his claim as

follows:

> I fell coming out of the shower do [sic] to the water on the floor because there is no
> ventilation fan working.  After lying on the floor for about one (1) hour, I was helped
> off the floor and walked to medical with the help of two (2) inmates.  As they were
> helping me down the stairs from D4 to D3 they dropped me down the stairs in the
> original Orleans Parish Prison.  I don't remember the date I fell but medical has the
> record of the incident.[1]

The defendants have filed a motion for summary judgment.[2]  Plaintiff has opposed that

motion.[3]  The parties have consented to the jurisdiction of the undersigned United States Magistrate

Judge.[4]

---

[1]   Rec. Doc. 8, p. 4.

[2]   Rec. Doc. 23.

[3]   Rec. Doc. 30.

[4]   Rec. Doc. 17.

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

As an initial matter, the defendants contend that one of the individuals sued, Dr. Marcus

DiLeo, should be dismissed because he died before this civil action was filed. It that is indeed true,[5]

Dileo would be an improper defendant. "Federal law ... relies on state law to determine if a party

can be named as a defendant to a lawsuit. Louisiana law does not allow suits against the deceased."

Martinez v. United States, Civ. Action No. 96-4072, 1998 WL 92248, at *2 (E.D. La. Mar. 2, 1998);

accord Severin v. Parish of Jefferson, 357 Fed. App'x 601, 604 (5th Cir. 2009); Campbell v.

Travelers Insurance, Civ. Action No. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008).

However, in any event, even if DiLeo did not die before this lawsuit was commenced as contended,

any claim against him would still be subject to dismissal for the following reasons.

The defendants next argue that plaintiff has failed to state proper claims against any of them

in either their official capacities or their individual capacities. They are correct.

With respect to any claims asserted against the defendants in their official capacities, it is

clear that "[o]fficial capacity suits generally represent another way of pleading an action against an

entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir.

1999). Accordingly, official-capacity claims against the defendants would in reality be claims

against the local governmental entity they serve. However, as the United States Fifth Circuit Court

of Appeals has explained:

> In order to hold a municipality or a local government unit liable under
> Section 1983 for the misconduct of one of its employees, a plaintiff must initially
> allege that an official policy or custom was a cause in fact of the deprivation of rights
> inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the

---

[5]    Although plaintiff does not contest this contention, the Court notes that the defendants have
not supplied any proof of the date DiLeo died.

> custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.  In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he has failed to state a proper official-capacity claim against the defendants.

With respect to any claims asserted against the defendants in their individual capacities,  it is clear that "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Here, plaintiff neither makes any factual allegations against any of the named defendants nor alleges that they were in any way personally involved in the events giving rise to his claims.  Further, although Sheriff Gusman is the head of the prison

system, he cannot be held vicariously liable on that basis for the actions of their subordinates pursuant to 42 U.S.C. § 1983.  Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

For all of the foregoing reasons, plaintiff has failed to state a proper claim against any of the named defendants, and that alone is sufficient reason for the motion for summary judgment to be granted.  However, out of an abundance of caution, the defendants further argue that, even if plaintiff's underlying claims are considered, they do not warrant relief under 42 U.S.C. § 1983. Again, the defendants are correct.

Even under the broadest interpretation of the complaint, plaintiff's claim is that he was injured when he slipped and fell in the shower and then again fell (or was dropped) while being escorted to the medical department.  Such accidental falls, while unfortunate, simply do not rise to the level of constitutional violations.  For example, as the United States Fifth Circuit Court of Appeals has explained:

> A slippery shower floor, although a potential hazard, is a daily risk faced by members of the public at large.  Other federal courts, including district courts in this circuit, have frequently rejected constitutional claims arising from slip and fall accidents.  The usual reasoning is that the existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards.

Coleman v. Sweetin, 745 F.3d 756, 764 (5th Cir. 2014) (citations, footnote, and quotation marks omitted); accord Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (noting that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983"); Green v. Inservco Insurance Services, Inc., Civ. Action No. 10-1469, 2010 WL 3943727, at *3 (D.N.J. Oct.

6, 2010) ("Whether analyzed under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment, [an inmate's] claims regarding slippery floors amount to nothing more than allegations of negligence, or possibly gross negligence, which fail to state a claim for a constitutional deprivation.").  The same is obviously true with respect to plaintiff's accidental fall while being escorted to the medical department.  Because plaintiff's claims are, at best, ones for negligence, they should be brought as a tort action in state court, not as a civil rights action in federal court.  See, e.g., Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.  Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.").

Accordingly, for all of the foregoing reasons,

**IT IS ORDERED** that the defendants' motion for summary judgment, Rec. Doc. 23, is **GRANTED** and that plaintiff's federal civil rights claims are therefore **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this twenty-third day of February, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**